**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLES VELDEKENS, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-3296 |
| | § § | |
| GE HFS HOLDINGS, INC., *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER DENYING LEAVE TO AMEND
TO ASSERT COUNTS 14 AND 15 OF THE SECOND AMENDED COMPLAINT**

**I.     Background**

This is a breach of contract and wrongful foreclosure case arising from a loan guaranty. The defendants, GE HFS Holdings, Inc., Heller Healthcare Finance, Inc., and HCFP Funding II, Inc. (together referred to as "GE HFS"), made loans in 1998 and 1999 to provide funds to renovate and expand a hospital leased from the plaintiffs, Charles Veldekens, Ashraf Veldekens, and Tidwell Properties, Inc. GE HFS obtained a lien on the property securing the loans, and the plaintiffs executed a limited guaranty. On April 6, 2005, the borrower filed for Chapter 11 bankruptcy. In August 2005, the plaintiffs sued GE HFS in state court, alleging violations of the guaranty agreement in that loan proceeds had been used for purposes other than expanding and renovating the hospital. GE HFS removed to federal court on September 30, 2005 and the case was referred to the bankruptcy court.

The plaintiffs filed a first amended complaint in November 2005. That complaint alleged causes of action for breach of contract, a claim to quiet title, negligent misrepresentation, unjust enrichment, violations of the Texas Deceptive Trade Practices Act, breach of fiduciary duty, theft of property, breach of express warranty, aiding and abetting, conspiracy, principal–agent liability, wrongful foreclosure, and conversion. The plaintiffs also sought to enjoin GE HFS's right to foreclose on the hospital. The plaintiffs alleged that GE HFS had a duty to monitor the hospital renovation when it disbursed the loan proceeds, that it had failed to do so, and that loan proceeds had been misapplied.

GE HFS moved to dismiss, asserting limitations among other grounds. In response, the plaintiffs abandoned certain of their claims. The bankruptcy court denied the motion to dismiss but ordered that the plaintiffs were limited to the claims that they had not abandoned as of the start of the hearing set for November 15, 2005.

After an evidentiary hearing, the bankruptcy judge denied the plaintiffs' request for a temporary injunction. GE HFS foreclosed on the hospital in December 2005. In 2006, GE HFS moved for summary judgment on limitations. The plaintiffs moved for withdrawal of the reference, which the district court granted. The case was later transferred from the court to this court.

In May 2007, before the case was transferred from the district court that withdrew the reference, the plaintiffs had moved for leave to file a second amended complaint. (Docket Entry No. 17). GE HFS filed a response opposing the motion because it was filed so late in

the litigation. (Docket Entry No. 18). The plaintiffs replied, (Docket Entry No. 21), and GE HFS surreplied, (Docket Entry No. 27).

At a hearing on the motion, this court granted the plaintiffs' motion for leave to amend as to counts one through thirteen of the proposed second amended complaint. The court concluded that these counts did not add new causes of action but instead asserted more details to support the breach of contract, wrongful foreclosure, and theft-by-foreclosure claims that had been asserted since the first amended complaint was filed in November 2005. Because the facts alleged in the proposed second amended complaint had been developed in discovery and the evidentiary hearing in the bankruptcy court and were known to the defendants, they would not be prejudiced by the amendment. Because no extension of the discovery or other deadlines in the docket-control order would be required, the Rule 15 standard that "[t]he court should freely give leave when justice so requires" applied and supported allowing the amendment. FED. R. CIV. P. 15(a).

This court did not, however, grant the plaintiffs' motion for leave to amend to assert counts fourteen and fifteen of the proposed second amended complaint. These counts alleged causes of action for promissory estoppel and reformation. The plaintiffs had not previously asserted either cause of action. GE HFS argued that adding these two counts would be prejudicial. GE HFS asserted that at a minimum, it would have to conduct additional discovery and engage in a new round of motions directed to these new grounds for recovery. The court deferred ruling to study whether to allow the pleading amendment to include these two new claims.

3

## II.     The Legal Standard for Amending Pleadings

If a proposed pleading amendment would require a court to modify a scheduling order, Rule 16 as well as Rule 15 applies. Rule 16(b) provides that scheduling orders "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). Under Rule 16, a district court must enter a scheduling order setting deadlines for subsequent proceedings in the case, including pleading amendments. FED. R. CIV. P. 16(b)(1). Rule 16(b) is designed to ensure that "at some point both the parties and the pleadings will be fixed." *See id.* (Committee Note to 1983 amendment). Under Rule 16(b), a scheduling order may only be modified for "good cause." Once a scheduling order deadline to amend a pleading has expired, the party seeking leave to amend is effectively asking the court for leave to amend both the scheduling order and the pleading. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

The circuit courts considering the issue have held that the Rule 16(b) "good cause" standard, rather than the "freely given" standard of Rule 15(a), governs a motion to amend the pleadings filed after the deadlines set in the scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Riofrio Anda v.*

*Ralston Purina, Co.*, 959 F.2d 1149, 1154–55 (1st Cir. 1992); *Johnson*, 975 F.2d at 607–08; *SIL-FLO*, 917 F.2d at 1518. As the Eleventh Circuit has noted, "[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419; *see also Johnson*, 975 F.2d at 610 ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, [and] disrupt the agreed-upon course of the litigation."); *Riofrio Anda*, 959 F.2d at 1155 (finding that permitting amendment under Rule 15(a) after scheduling order cutoff "would have nullified the purpose of Rule 16(b)(1)").

In determining good cause, courts generally consider four factors: "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Sw. Bell Tel. Co.*, 346 F.3d at 546 (quoting *S&W Enters.*, 315 F.3d at 536). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). The Fifth Circuit recognizes that trial courts need "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quotations omitted).

If a movant establishes good cause to extend the pretrial scheduling order, or if there is no need to extend the scheduling order, the court decides whether to grant leave to file the

amended pleading under Rule 15(a). *See Johnson*, 975 F.2d at 608; *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995); *Am. Tourmaline Fields v. Int'l Paper Co.*, No. Civ. A. 3:96-cv-3363-D, 1998 WL 874825, at *2 (N.D. Tex. Dec. 7, 1998); *see also S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). In deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider factors such as undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

### III.   Analysis

In this case, the plaintiffs did not move for leave to file the second amended complaint until May 2007. The motion was based on discovery and evidence obtained in December 2005, in connection with the hearing of the plaintiffs' application for an injunction to keep GE HFS from foreclosing on its lien. (Docket Entry No. 17 at 3). Before that hearing, the bankruptcy court ordered that "the Plaintiffs shall not be allowed to further amend their Complaint for the purpose of prosecuting more claims and the Plaintiffs will only be allowed to prosecute the claims that were not abandoned as of the start of the hearing on November 15, 2005." (Docket Entry No. 27, Ex. B). The plaintiffs did not attempt to amend after the preliminary injunction motion was heard in December 2005 until May 2007.

When the district court withdrew the reference, a scheduling order was put into place that did not provide a new opportunity or new deadline for pleading amendments. Instead, the district court set the discovery deadline for August 10, 2007 and docket call for September 2007. The plaintiffs did not seek an order that the bankruptcy court's order on pleadings was limited to the injunction proceeding. Nor did the plaintiffs seek a new deadline for amending pleadings. The plaintiffs' motion for leave to amend was filed on May 1, 2007. The scheduling order in place when the plaintiffs moved for leave to amend set a discovery cutoff of August 2007 and a docket call for September 2007. On August 9, 2007, this court extended the discovery cutoff to October 10, 2007. (Docket Entry No. 26).

The deadline for pleading amendments had expired long before the plaintiffs moved for leave to amend to file the second amended complaint. The discovery cutoff and motions deadline were pressing. If the plaintiffs are now allowed to amend to assert the new causes of action for promissory estoppel and reformation, additional discovery and additional time for that discovery would be required. A plaintiff alleging promissory estoppel must demonstrate the existence of a promise that the promisor can foresee will cause substantial, detrimental reliance by the promisee. *See English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). To show detrimental reliance, the plaintiff must show that he materially changed his position in reliance on the promise. *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 379 (Tex. App.-Houston [1st Dist.] 2007, no pet.). The reliance must be reasonable and justified. *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 141 n.5 (Tex. App.–Corpus Christi 2006, pet. denied). If the plaintiffs were allowed to add this new cause of action, discovery

would be required on whether there were extracontractual promises on which the plaintiffs reasonably relied, whether and how they changed their position, and what damages resulted. These elements are not matters of contract construction, as the plaintiffs argue.

To establish a claim for reformation, a plaintiff must show that the parties have reached a definite and explicit agreement, understood in the same sense by both, but, by their mutual or common mistake, the written contract fails to express this agreement. *Champlin Oil & Ref. Co. v. Chastain*, 403 S.W.2d 376, 382 (Tex. 1965). If the plaintiffs were allowed to assert a new cause of action for reformation, GE HFS would want to conduct discovery into the parties' subjective intent when they entered the contract. GE HFS could not rely solely on the evidence of objective intent provided by the contract itself and the limited additional evidence relevant to contract construction. *Id.*

The plaintiffs have not shown good cause for their eighteen-month delay in seeking a pleading amendment to add their two causes of action. There is no explanation for the failure to timely move for leave to amend. The facts that form the basis for the newly asserted claims were known to the plaintiffs when they filed their initial complaint. There is no clear explanation of the importance of the amendment; to the contrary, the plaintiffs have emphasized that they are entitled to prevail on their numerous previously asserted claims. There is prejudice to GE HFS in allowing the amendment unless additional discovery is allowed on the underlying factual basis for the new claims, such as the plaintiffs' subjective understanding of the contract and whether and how they relied on alleged

promises. But allowing such discovery, with the commensurate delay, is itself prejudicial at this late stage of the litigation.

Even if the plaintiffs were not required to satisfy the "good cause" showing under Rule 16(b), this court would still deny leave to amend to add the promissory estoppel and reformation claims under Rule 15(a) because of the undue delay. Delay alone, even without a demonstration of prejudice, may justify denying a party's motion to amend its pleading under Rule 15(a). *See Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1262 (Fed. Cir. 1991). "Mere passage of time need not result in a denial of leave to amend, but delay becomes fatal at some period of time." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982); *accord Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981). The Fifth Circuit has held that a trial court is warranted in refusing to allow amendment under Rule 15(a) when the motion to amend is filed more than a year after institution of the suit, new discovery would be required, and the delay passed unexplained. *See Daves*, 661 F.2d at 1025 (denying leave to amend because of an unexplained nineteen month delay); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981) (denying motion to amend that sought to add new factual and legal basis for suit more than a year after institution of suit and after discovery had ended). "When there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect." *Chitimacha*, 690 F.2d at 1163. No such showing has been made in this case.

The plaintiffs' motion for leave to amend to add counts fourteen and fifteen to the second amended complaint is denied.

SIGNED on January 22, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge